## Depew *v.* Davis.

Affidavits may be admitted in support of a motion to recommit an award to arbitrators, and if no objection was raised to the affidavit in the district court, none will be entertained in the supreme court.

An award may be recommitted under the statute, where a legal and sufficient reason is given. A reason that will justify an arrest of judgment or a new trial, will justify a recommitment.

An award should not be rejected, unless a want of jurisdiction is apparent in the arbitration.

An award may be recommitted on the ground of newly discovered evidence.

*Error to Jefferson District Court.*

*Opinion by* GREENE, J. In 1841, A. J. Davis and W. Depew entered into an agreement by which Davis was to furnish goods at Fairfield, and Depew was to sell them there, for one fourth of the profits. Under this agreement the parties carried on a large business for three years, and then found it impossible to settle the accounts between them. They finally agreed to have their accounts settled by referring them to arbitrators, whose award should be filed for judgment under the statute. The arbitrators found a balance in favor of Depew of $311,60. The award was

filed in the district court, where Depew moved for judgment, and Davis moved to recommit. The two motions were heard together before Hon. C. Mason in 1845. The court ordered that the award be recommitted to the same arbitrators.

Depew now claims that Davis failed to make out a proper case for recommitment. The motion for recommitment sets forth the following reasons: 1. It was contrary to the evidence. 2. Several items were not considered through inadvertence of arbitrators. 3. The arbitrators rejected several items in violation of a written agreement. 4. Mistakes were made in calculations. 5. Davis has since the submission, discovered new and material testimony to sustain and prove one item of his account, amounting to more than three thousand six hundred dollars, which item was rejected by the arbitrators; and which evidence he did not know of, at the time of the trial. The facts stated in the motion were supported by affidavits of Davis, of G. W. Howe and others.

It is now objected, that *ex parte* affidavits should not have been admitted in support of the motion to recommit. It appears that these affidavits were admitted in the court below, without exception. To these affidavits, we see no legal objection. If inadmissible, the objection should have been raised at the time they were presented; it cannot now be entertained. As no objection was made, we must conclude that there was no error in admitting and acting upon the affidavits.

By these affidavits, new and important evidence is disclosed, which would be likely to produce an entirely different result in the award of the arbitrators. One of the witnesses testifies, that he has discovered from an examination of the books that a part, if not the whole of $3600, in goods, were furnished to Depew by Davis, and which were not included in the award submitted. The affidavits show that other testimony could be produced by Davis, which would tend to prove the same fact, and the other exceptions made in the motion to recommit. The record

Depew *v.* Davis.

does not purport to give all the evidence upon which the court below acted, in ordering the award to be recommitted. If then, we should not consider the affidavits before us sufficient to justify the action of the court below, we could not presume that the court had not some additional and sufficient reason for recommitting the award.

The statute provides, that "the award may be accepted or rejected by the court, for any legal and sufficient reason, or it may be recommitted to the same arbitrators for a rehearing by them." *Rev. Stat.* 58 § 9.

The award then may be accepted or rejected for any legal and sufficient reason. But the statute does not inform us what reasons shall be legal and sufficient. Are they determined by rules of law, or are they left to the discretion of the court to be decided upon the merits and circumstances of each particular case? If nothing more than a *sufficient* reason was required by the statute, we could safely conclude that the award might be accepted or rejected at the mere will or discretion of the court. But it appears that the reason must be both *legal* and *sufficient*. A legal reason must be one which is recognized by some established rule of law. As the statute does not define the legal reasons which should prevail in such cases, our courts must necessarily be governed by common law principles, which are applicable to analagous propositions. That which would be considered a legal reason for arresting a judgment, setting aside a verdict, or even for granting a new trial, might very justly be considered by a court a legal and sufficient reason for rejecting or recommitting the award of arbitrators. In all such cases, it is true that courts of justice are invested with large discretionary powers; still that power should in all cases, be governed by rules of law so far as applicable. Had the legislature intended, that the court should dispose of the award at discretion, they would not have used the words "*legal* and sufficient." By the use of these words, they obviously intended that the court should be governed by recognized rules of law, so far as applicable.

But it is said, that the words "legal and sufficient reason," occupy such a position in the sentence, that they only qualify the power to reject the award, and that the power to recommit may therefore be exercised at the will of the judge. True, according to strict rules of syntax, the power to recommit is not qualified by those words; still we think the legislature intended such qualification. If not expressed, the words may at least be understood as applicable to that power. As implication should not favor arbitrary power, but should support legal rules and practice, we have no difficulty in applying the qualification to the power of the court in this particular.

The fact that a writ of error will lie to reverse the order of rejection or recommitment of an award, adds weight to the conclusion, that the power to reject or recommit, is not intended to be exclusively discretionary, but should be exercised according to fixed rules of law. A writ of error will not lie to review or regulate a power which is merely discretionary. A case should only be reversed on error, when some rule of law has been violated. A writ of error is only applicable to a decision at law, and not to a decision at will.

In giving this construction to that section of the statute, we cannot agree with counsel for the plaintiff in error, that it confers no power on our district courts over awards, but such as they might exercise at common law, independent of the statute. Unless the legislature intended to confer other and additional powers, why was the section enacted? If intended merely to confirm the common law power which the court already possessed, why was it not so expressed? Clearly the legislature intended something by the section; they intended to confer an authority which could not otherwise be exercised by the district courts, in relation to awards; they intended to confer an additional authority; a sound discretionary authority, to be regulated by additional "legal and sufficient reasons." They were still authorized as before the act, to reject or recommit, for the common law reasons of fraud or mistake, or want

of jurisdiction; and they were also authorized by the act, to reject or recommit for other "legal and sufficient reasons." And these other legal and sufficient reasons must be deduced from analogy of law and analogy of circumstance. That which would not be a legal reason to arrest a judgment, set aside a verdict, or grant a new trial, should not be considered a legal reason to reject or recommit an award. As a new trial should always be allowed if the verdict is contrary to law, or works manifest injustice to the party applying; (*Cook* v. *The State*, 1 G. Greene 56;) or if by any reasonable cause, a party has not been able to present the merits of his case to the jury; (*Jones* v. *Fennimore, ib.* 134;) so for like legal and sufficient reasons should an award be recommitted to arbitrators.

But little inconvenience can result to the parties, by recommitting an award to the same arbitrators, as it would only be necessary for them to reconsider the points upon which it was returned to them; therefore we can see no good reason why a stronger case should be required for the recommitment, than is necessary to justify a new trial. Where legal and sufficient reasons induce the belief in the court, that manifest injustice has been done by a verdict, a new trial should be granted; and when the same reasons justify the belief that like injustice has been done by an award, it should be recommitted.

But to justify a court in rejecting an award, we think stronger and more obvious reasons should be adduced. A motion to reject should only be granted, where a want of jurisdiction is apparent. The jurisdiction of arbitrators is derived from the contract of submission, and is limited by it. There is a want of jurisdiction, where it appears that there was a want of notice, or appearance of the party; where more or less has been considered than was submitted; where the award is published after the time limited, or where it is partial or interlocutory when required to be complete and final. If the arbitrators kept strictly to their jurisdiction, we think their award should not be rejected.

But where it appears upon the face of the award, or by extrinsic, legal and sufficient proof, that injustice has been done in any important particular, the award should be recommitted.

It is properly urged, that as awards are made by judges selected by the parties themselves, they are entitled to great respect. Arbitration and award are so peculiarly appropriate to the adjustment of complicated accounts, so well calculated to avoid expensive and protracted litigation, so simple and cheap in their proceedings as to be adapted to every state and condition of society, and so well calculated to secure peace, harmony and prosperity in all business and social relations, that they should be encouraged by every enlightened system of jurisprudence. Still, as no system can be entirely free from fraud, mistake or injustice, our statute wisely prevents an award from being regarded conclusive as to the law or the facts, by providing that for good and sufficient reason, it may be rejected or recommitted.

The proof submitted to the court below, in the case at bar as before remarked, showed that the party had discovered new and important evidence after the award was made, which might materially change the result. This would have been a legal and sufficient reason to induce a new trial, and therefore justified the court in recommitting the award. Besides, from the state of the record, from the fact that it does not purport to give all the evidence, we may infer that other legal and sufficient reasons were submitted to the consideration of the court, which justified the recommitment.

Judgment affirmed.

*C. Olney*, for plaintiff in error.

*J. C. Hall*, for defendant.